## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DEBRA M. ALVAREZ,

       Plaintiff,

vs.                                CASE NO. 3:07-cv-505-J-12TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

## REPORT AND RECOMMENDATION[1]

       This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB). 42 U.S.C. § 405(g) (2006). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #23, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #29, D's Brief). The Commissioner has filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record.

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a) and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

For the reasons set out herein, the undersigned recommends the Commissioner's decision be **REVERSED AND REMANDED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In the instant action, Plaintiff protectively filed an application for DIB on November 30, 2004 (Tr. 110-14), which alleges onset of disability on June 15, 2000.  Initially Plaintiff alleged an inability to work due to herniated disc, shoulder injury, migraine headaches and depression (Tr. 84).  After being denied initially and upon reconsideration (Tr. 128-30, 146-149), Plaintiff requested a hearing, which was held on August 23, 2006 in Jacksonville, Florida before Administrative Law Judge (ALJ) William H. Greer (Tr. 52-80).  Plaintiff appeared and testified at the hearing, as did vocational expert Paul Dolan.  Plaintiff was 50 years old at the time of the administrative hearing.[2]  Plaintiff has the equivalent to a high school education (Tr. 72, 332) and previously worked as a cashier, clerk typist, secretary, word processor, and medical records assistant (Tr. 120).

Plaintiff was represented by Mr. Charles Romo, Esq., during the underlying administrative phase of this case (Tr. 44-45).  On October 12, 2006, ALJ Greer  issued a hearing decision denying Plaintiff's claim (Tr. 15-24).  The Appeals Council (AC) denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 6-8).

Mr. Sean Culliton, Esq., now represents Plaintiff in this case. The instant action was filed in federal court on June 11, 2007 (Doc. #1, Complaint).  The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments

---

[2]The record reflects Plaintiff was born January 29, 1956 (Tr. 110).

presented in their briefs and the materials provided in the transcript of the underlying proceedings.

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION
## AND THE STANDARD OF REVIEW

A plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months.  20 C.F.R. § 404.1505.[3]  The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ's decision dated October 12, 2006 denied Plaintiff's claim (Tr. 15-24).   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 20).  At step two, the ALJ found Plaintiff had the severe combination of impairments of chronic neck pain, chronic back pain, and right shoulder pain (Tr. 20). At step three, the ALJ found these impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4 (Tr.21).  The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with some limitations (Tr. 21-22).  At step four, the ALJ determined that Plaintiff could do past relevant work as a

---

[3]All references to 20 C.F.R. shall be to the 2007 edition, unless otherwise noted.

secretary (Tr. 23).    Thus, there was no need for the ALJ to proceed to step five  to determine if other work existed in significant numbers in the economy that Plaintiff could perform.    The ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 24).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla, but less than a preponderance-- in other words, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

The Commissioner must apply the correct law and demonstrate that he has done so.  While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health and*

4

*Human Services*, 21 F.3d 1064, 1066 (11ᵗʰ Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d

1143, 1145 (11ᵗʰ Cir. 1991)).   Therefore, in determining whether the Commissioner's

decision is supported by substantial evidence, the Court has not re-weighed the evidence,

but has determined whether the record, as a whole, contains sufficient evidence to permit

a reasonable mind to conclude that the Plaintiff is not disabled.   *Bloodsworth v. Heckler*,

703 F.2d 1233 (11ᵗʰ Cir. 1983).

**Plaintiff's medical history**

Records submitted by Plaintiff indicate she was seen by Advanced Registered Nurse

Practitioner,  Patricia W. Lemon, "Ms. Lemon," on May 19, 2000 in reference to Plaintiff's

complaints of right shoulder pain and low back pain (Tr. 179-82).   On June 13, 2000, Ms.

Lemon's review of the an MRI of Plaintiff's lumbar and cervical spine showed lumbar disc

herniation at L4-5 (Tr. 178).

Plaintiff was treated by Dr. Rigoberto Puente-Guzman, "Dr. Guzman," from April 26,

2001 to October 31, 2002 on ten occasions (Tr. 183, 185-88, 191-98, 201-9).   Dr. Guzman

and a radiologist reviewed the June 2000 MRI and determined the MRI did not show

evidence of a herniated disc (Tr. 219).   Throughout his treatment of Plaintiff, Dr. Guzman

recommended she continue full-time light duty work (Tr. 196, 198, 202, 204, 208).

From October 21, 2002 to August 4, 2006, Plaintiff was treated by Dr. James M.

Janousek, "Dr. Janousek" (Tr. 229-49, 315-45).   On December 28, 2004, Plaintiff

underwent an MRI of the lumbar spine and an MRI of the thoracic spine (Tr. 233-36).   The

MRI of the lumbar spine showed no definite impingement (Tr. 234), whereas the MRI of the

thoracic spine showed evidence of a remote benign type compression fracture of T12 and

disc protrusion at T7-8 which touches the ventral spinal cord (Tr. 236).   Subsequent to the

5

hearing, Dr. Janousek completed a physical capacity evaluation in which he opined Plaintiff can stand or walk for one hour and sit for two hours in a normal working day (Tr. 315-16). According to Dr. Janousek, Plaintiff's ability to function is substantially restricted due to severe constant pain in her neck and back, arthritis, depression and anxiety (Tr. 315-17, 322), and therefore Plaintiff is disabled (Tr. 322).

## ANALYSIS OF SPECIFIC ISSUES

Plaintiff raises three arguments in her appeal of the Commissioner's decision: (1) the ALJ committed multiple errors in sequential evaluation; (2) the ALJ failed to address a treating physician's opinion and assigned inappropriate weight to other medical source opinions; and, (3) the RFC assessment provided by the ALJ is deficient.  Thus, Plaintiff claims the decision to deny her application for disability benefits was not based upon substantial evidence.

Defendant argues that the ALJ looked at the appropriate issues and that substantial evidence supports his finding.

Upon review of the ALJ's decision and the record of the underlying proceedings, including the record evidence submitted by Plaintiff, the Court finds ALJ Greer erred in failing to state the weight afforded to the medical opinion evidence of Dr. Janousek.

**Sequential Evaluation Errors**

Plaintiff asserts the ALJ failed to properly assess the severity of Plaintiff's migraines, and "constant jerking and spasmodic movements," preventing the Court from ascertaining the ALJ's rationale for rejecting these impairments at step two of sequential evaluation (P's brief at 14-15).  The ALJ's decision reflects his finding that Plaintiff had severe impairments and that he then proceeded with the other steps of the sequential evaluation process (Tr.

6

18-25).   A continued analysis in the sequential step evaluation process can infer failure to articulate a finding at an earlier step was harmless error.  *Hutchison v. Bowen*, 787 F.2d 1461 (11th Cir. 1986).  However, articulation of the specific impairments included in the step two finding, while preferable, is not essential for an adequate finding under the Regulations. As the Eleventh Circuit has stated, "the ALJ could not have committed any error at step two because he found that [the claimant] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two." *Council v. Barnhart,* 127 Fed. Appx. 473 (Table), No. 04-13128, at 4 (11th Cir. Dec. 28, 2004) (copy attached)*; see also Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987) (stating that the finding of any severe impairment is enough to satisfy the requirement of step two).  The ALJ found in Plaintiff's favor at step two (Tr. 20).  The Court finds the ALJ did not commit reversible error at step two.

Plaintiff also contends the ALJ failed to provide a meaningful discussion of actual listings considered at step three (P's brief at 15).  Plaintiff bears the burden of proving she is disabled.  20 C.F.R. § 404.1512(a); *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990).   A claimant may satisfy her burden of proving disability if she shows that her impairment or impairments meet or equal a listed impairment.  *Lucas v. Sullivan*, 918 F.2d at 1571.  The evidentiary standards for presumptive disability under the listings are stricter than for cases that proceed to other steps in the sequential evaluation process because the listings represent an automatic screening in based on medical findings rather than an individual judgment based on all relevant factors in a claimant's claim.  *See* 20 C.F.R. § 404.1520(d).  As the Supreme Court stated in the case of *Sullivan v. Zebley*, "For a claimant to show that his impairment matches a listing, it must meet all of the specified

medical criteria.  An impairment that manifests only some of those criteria, no matter how severe, does not qualify." *Sullivan v. Zebley*, 491 U.S. 521, 530 (1990).  Plaintiff has failed to demonstrate her condition meets or equals a listed impairment.  Substantial evidence supports the ALJ's determination that Plaintiff's impairments in combination do not meet or equal one of the listed impairments (Tr. 21, Finding 4).

Next, Plaintiff asserts the ALJ failed to properly consider the vocational expert's testimony as to the decrease in the number of secretarial positions available in light of Plaintiff's limitations (P's brief at 16).  This claim is without merit.  The ALJ is under no duty to rely on vocational expert testimony at step four of the sequential evaluation process. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) ("The testimony of a vocational expert is *only* required to determine whether the claimant's residual functional capacity permits him [or her] to do other work *after* the claimant has met his [or her] burden of showing that he [or she] cannot do past work.") (*emphasis added*).  Furthermore, the Supreme Court has held that previous work need not exist in significant numbers in the national economy in order to determine a claimant can return to past relevant work at step four in the evaluation process.  *Barnhart v. Thomas*, 540 U.S. 20, 25-29 (2003).

**Treating Physician's Opinion**

As to Plaintiff's second argument, Plaintiff is correct that the ALJ failed to explicitly discuss the opinion of treating physician, Dr. Janousek (Tr. 273-281), in his decision to deny benefits (Tr. 9-19).  Typically, that fact alone could be cause for remand, though Defendant argues Dr. Janousek's opinion was given in August 2006, after her date last insured of December 31, 2005 and thus was not probative of the period to be considered by the ALJ (D's brief at 9).  However, Dr. Janousek's opinion explicitly concerned Plaintiff's

8

limitations beginning in 2000 (Tr. 317) and therefore is relevant to the existence of a disability. *See Lofgren v. Astrue*, No. 1:06-cv-00143 MP-AK, 2008 WL 1323396, at *1 (N.D. Fla. Apr. 4, 2008) ("[T]he retrospective opinion must refer *clearly* to the relevant period of disability, and not simply express an opinion to the claimant's current status.").

The opinions and diagnosis of a treating physician are entitled to special deference under the Regulations and the law in this circuit. Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards v. Sullivan*, 937 F.2d at 583. If an ALJ finds reason to discount a treating physician's opinion, he must articulate explicit reasons for doing so. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). For the Court to accept the ALJ's determination to give little weight to the treating physician, the Court must conclude that the determination was supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Here, the Court is unable to ascertain what, if any, weight was given to Dr. Janousek's medical opinion. The ALJ referred to the MRIs ordered by Dr. Janousek in December 2004 (Tr. 22-23), but failed to mention Dr. Janousek's opinion that Plaintiff is unable to work 8

hours a day, 5 days a week (Tr. 317).  The ALJ's decision is devoid of any reasons attempting to discredit the opinion.  Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent.  In this case, the weight afforded Dr. Janousek's opinion could very well make a difference in Plaintiff's assessed RFC, both considering the effects of migraines and asserted spasmodic movements.

As it is impossible for the Court to tell if the ALJ applied the proper test in evaluating the treating physician's opinion, this case must be remanded.  *See generally*, *Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions).  On remand, the ALJ must consider the opinions of all of Plaintiff's examining and treating medical sources, as well as the opinions of non-examining medical sources, and give the proper weight to the testimony and statements of each as required by the law of this circuit.  *See Lewis v. Callahan*, 125 F.3d 1436; *Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987).  If the ALJ finds reason to disregard the opinion of a treating or examining physician, psychiatrist or psychologist, he must provide specific reasons for doing so and these reasons must be supported by substantial evidence in the record. *Phillips v. Barnhart*, 357 F.3d at 1241.

**Deficient RFC Analysis**

Lastly, Plaintiff contends the ALJ failed to consider the effects of chronic pain and spasms in assessing Plaintiff's RFC (P's brief at 18).  The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition

and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). As the Court is unclear whether the ALJ properly considered the medical opinion evidence in the record, it is impossible to ascertain whether the assessed residual functional capacity is based on substantial evidence.

Plaintiff asserts the medical opinion evidence of Dr. Janousek supports a finding of disability (P's brief at 2). Review of the record reveals there is other medical opinion evidence which may be read to support the ALJ's determination that Plaintiff is able to perform sedentary work. For example, Dr. Guzman found that Plaintiff could perform light duty work on a full time basis (Tr. 208). Dr. Lopez stated Plaintiff could work a four-hour workday, provided she had a break every hour and did not engage in strenuous physical activities, climbing, kneeling, squatting, crawling, repetitive bending, carrying more than 10 pounds with her right arm, or sitting, standing or walking more than 30 minutes without rest (Tr. 274). While it is true an inference may be drawn from this evidence, it is not the province of the Court to weigh the evidence and make such findings. *See Davis v. Apfel*, 93 F.Supp.2d 1313, 1316 (M.D. Fla. 2000) (stating it is not the function of the courts to resolve conflicts of evidence, assess credibility of witnesses or draw inferences from the evidence) (internal citations omitted). As stated before, in this case the proper weighing of the medical opinion evidence is crucial to an accurate RFC assessment. The Plaintiff's RFC must be reassessed upon consideration of Dr. Janousek's medical opinion evidence.[4]

---

[4]Although the ALJ's assessment of Plaintiff's credibility was not directly raised as an issue for this Court's review, Plaintiff did assert, "the ALJ failed to consider the effects of chronic pain and spasms upon the plaintiff's ability to concentrate and attend to tasks in the manner required for work." (P's Brief at 18.) Therefore, the credibility of Plaintiff's testimony as to her claimed chronic pain and spasms is key to the ALJ's determination of Plaintiff's RFC. Defendant asserts the ALJ gave ample reasons for his conclusion that Plaintiff's

## RECOMMENDATION

For the reasons stated herein, the undersigned **recommends the Commissioner's decision be REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).   Upon remand, the undersigned recommends the Commissioner re-evaluate Plaintiff in accordance with the applicable Regulations and prevailing case law, as set forth above.   The Commissioner may desire to conduct additional proceedings in light of this opinion.

**DONE AND ENTERED** at Jacksonville, Florida this 14th  day of July, 2008.

Copies to:
Counsel of Record

**THOMAS E. MORRIS**
United States Magistrate Judge

---

subjective complaints were not entirely credible (D's brief at 14).  This Court agrees.

Here, the ALJ found Plaintiff's testimony was "not fully credible" (Tr. 23).  To support this determination, the ALJ pointed to some of Plaintiff's activities of daily living, which the ALJ implicitly found inconsistent with Plaintiff's complaints (Tr. 23).  *See* 20 C.F.R. § 404.1529(c)(3)(i).   The ALJ also found Plaintiff had not complied with treatment recommendations concerning physical therapy (Tr. 22), which indicated Plaintiff's condition was not as limiting as she claimed.  *See* 20 C.F.R. § 404.1530.  The ALJ further noted Plaintiff gave conflicting information to at least one medical source (Tr. 21).  Further, the ALJ's discussion of the objective medical evidence (Tr. 22-23) contrasts with Plaintiff's testimony concerning the intensity, persistence and limiting effects of her alleged pain.  In *Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989), the court found giving three specific reasons to reject appellant's subjective complaints of pain, was sufficient to properly discount appellant's testimony.  *Id.* at 1203.  The ALJ met that standard.  Thus, the ALJ's determination that Plaintiff's complaints of pain and other symptoms were not entirely credible is supported by substantial evidence in the record.

The Honorable Howell W. Melton